IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| PATRICK ATKINSON,<br><br>    Plaintiff-Appellant,<br><br>    v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES, et al.,<br><br>    Defendants-Appellees. | No. 26-1356 |

**CONSENT MOTION TO PLACE APPEAL IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully moves to hold this appeal in abeyance pending a decision on plaintiff's request for relief under 18 U.S.C. § 925(c). Plaintiff consents to this motion.

1. This appeal involves a Second Amendment challenge to 18 U.S.C. § 922(g)(1), which prohibits firearm possession by persons convicted of offenses punishable by more than one year of imprisonment. Plaintiff-appellant is subject to this prohibition based on his 1998 federal conviction for felony mail fraud.

2. On remand from an earlier decision of this Court, the district court rejected plaintiff's Second Amendment challenge and entered judgment in

favor of the government. Plaintiff filed a notice of appeal on February 12, 2026. Plaintiff's opening brief is currently due April 1, 2026.

3. After this case had been fully briefed in district court, several material developments occurred following a change in administration. Most relevant here, on March 20, 2025, the Attorney General issued an interim final rule withdrawing the delegation of authority to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to administer 18 U.S.C. § 925(c). *See Withdrawing the Attorney General's Delegation of Authority*, 90 Fed. Reg. 13,080 (Mar. 20, 2025). Under that statutory provision, a person who is disqualified from possessing firearms, including a person disqualified under Section 922(g)(1), "may make application to the Attorney General for relief from the disabilities." 18 U.S.C. § 925(c). "[T]he Attorney General may grant such relief" if the applicant shows that "the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." *Id.* A person whose application is denied "may file a petition with the United States district court for the district in which he resides for judicial review of such denial." *Id.*

4. Before this interim final rule was issued, Section 925(c)'s relief-from-disabilities program had effectively been suspended. *See United States v. Bean*,

537 U.S. 71, 74-75 (2002). The Attorney General described the interim final rule as "an appropriate first step"; the Department of Justice "anticipates future actions, including rulemaking consistent with applicable law, to give full effect to 18 U.S.C. 925(c) while simultaneously ensuring that violent or dangerous individuals remain disabled from lawfully acquiring firearms." 90 Fed. Reg. at 13,083; *see id.* ("[T]he specific contours of any new approach to the implementation of 18 U.S.C. 925(c) may be refined through rulemaking."). On July 22, 2025, the Department of Justice issued a notice of proposed rulemaking regarding relief from federal firearms disabilities under 18 U.S.C. § 925(c). *See Application for Relief from Disabilities NPRM*, 90 Fed. Reg. 34,394 (July 22, 2025). The proposed rule announces general "criteria" that the Attorney General anticipates would guide future "discretionary determinations under the statute." 90 Fed. Reg. at 34,396; *see id. at* 34,402-04.

5. In light of the March 2025 interim final rule, the Attorney General already has statutory authority—which she has exercised—to grant relief pursuant to Section 925(c). *See Granting of Relief; Federal Firearms Privileges*, 91 Fed. Reg. 8,532 (Feb. 23, 2026); *Granting of Relief; Federal Firearms Privileges*, 90 Fed. Reg. 17,835 (Apr. 29, 2025).

6. Although the Department has not yet issued a final rule further implementing Section 925(c), given the significant impact that a decision on a

3

Section 925(c) application could have on these proceedings, government counsel informed plaintiff that he could pursue relief under Section 925(c) by contacting the Department's Office of the Pardon Attorney. On March 2, 2026, plaintiff's counsel contacted the Office of the Pardon Attorney requesting relief for plaintiff under Section 925(c). Evaluation of that request is ongoing.

7. A decision on plaintiff's pending request for relief under Section 925(c) could have a significant impact on these proceedings. To facilitate an orderly and efficient judicial process, the government requests that the Court place this appeal in abeyance pending the Department of Justice's review of plaintiff's request for relief under Section 925(c). The government respectfully proposes to update the Court with status reports every 60 days.

8. Counsel for plaintiff has informed the undersigned that plaintiff consents to this request.

Respectfully submitted,

BRETT A. SHUMATE
  *Acting Assistant Attorney General*

MICHAEL S. RAAB

*s/ Kevin B. Soter*
-----------------------
KEVIN B. SOTER
*Attorney, Appellate Staff*
*Civil Division, Room 7222*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*California Bar No. 324524*
*(202) 305-1754*
*kevin.b.soter@usdoj.gov*

MARCH 2026

# CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 710 words, according to the count of Microsoft Word.

/s/ *Kevin B. Soter*
KEVIN B. SOTER