No. 26-1356

# In The United States Court of Appeals For the Seventh Circuit

PATRICK ATKINSON,

Plaintiff-Appellant,

v.

TODD W. BLANCHE, in his official capacity as Acting Attorney General of the United States, and ROBERT CEKADA, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,

Defendants-Appellees.

Appeal from a Judgment of the United States District Court
for the Northern District of Illinois
The Hon. John Robert Blakey, District Judge
Case No. 1:21-CV-291

**PLAINTIFF-APPELLANT'S UNOPPOSED SUGGESTION OF MOOTNESS AND MOTION TO VACATE THE DISTRICT COURT'S DECISION AND ORDER GRANTING JUDGMENT TO DEFENDANTS**

## PLAINTIFF-APPELLANT'S UNOPPOSED SUGGESTION OF MOOTNESS AND MOTION TO VACATE THE DISTRICT COURT'S DECISION AND ORDER GRANTING JUDGMENT TO DEFENDANTS

Plaintiff-Appellant Patrick Atkinson, by and through undersigned counsel, moves this Honorable Court to dismiss his appeal as moot – since Appellant has received all the relief he sought from Defendants while this appeal has been pending – and to vacate the district court's opinion and judgment pursuant to *United States v. Munsingwear*, 340 U.S. 36 (1950). In support thereof, Plaintiff states as follows:

This case was brought pursuant to 42 U.S.C. § 1983 and the Second Amendment to the U.S. Constitution. Plaintiff alleged the permanent firearm prohibition of 18 U.S.C. § 922(g)(1) – as applied to him – violated his Second Amendment rights. The district court originally dismissed Plaintiff's Complaint on an F.R. Civ. P. 12(b)(6) motion, and this Court remanded the matter for consideration in light of the Supreme Court's intervening ruling in in *N.Y. Pistol & Rifle Ass'n. v. Bruen*, 597 U.S. 1 (2022).

Post-remand, Plaintiff amended his Complaint to incorporate the *Bruen* holding, and the district court ruled for defendants pursuant to a subsequent F.R. Civ. P. 12(b)(6) motion. Plaintiff filed a timely notice of

appeal, and has even filed his opening Brief, but the case is now moot because the Defendant Blanche and the Department of Justice have provided Plaintiff the relief he has sought, and have restored his federal firearm rights pursuant to 18 U.S.C. § 925(c). This has eliminated the controversy between the parties under Article III of the U.S. Constitution. *See*, *e.g.*, *Preiser v. Newkirk*, 422 U.S. 395, 401-402 (1975).

Consequently, this Court should vacate the district court's decision and order granting judgment to Defendants under *United States v. Munsingwear*, 340 U.S. 36 (1950), as it did in *Commodity Futures Trading Com. v. Board of Trade*, 701 F.2d 653, 656 (7th Cir. 1983) ("On the related question whether a court of appeals must vacate the district court's decision when the case becomes moot after the decision is entered but before the appeal is decided, the answer is not in doubt: it must"); *see also Jordan by & Through Jones v. Indiana High Sch. Athletic Ass'n* , 16 F.3d 785, 788-89 (7th Cir. 1994) (when plaintiff high school basketball player graduated, there was no longer live controversy between plaintiff and defendant athletic association as to

plaintiff's eligibility to play, so case was moot and lower court decision

vacated under *Munsingwear*).

## BACKGROUND

On February 6 and 9, 2026, the district court issued an opinion

dismissing Plaintiff's Second Amended Complaint and entering final

judgment to defendants holding that Plaintiff's "facial and as-applied

challenges to § 922(g)(1) fail as a matter of law." (*See* SA1 of Plaintiff's

Opening Brief). On February 12, 2026, Plaintiff filed a notice of appeal

in this case to protect its appellate rights (*see* Brief at SA32), and has

since filed its opening Brief.

On May 19, 2026, the United States Department of Justice, *via*

Defendant Blanche, granted Plaintiff relief from his firearm disabilities

of 18 U.S.C. § 922(g)(1) pursuant to 18 U.S.C. § 925(c). *See* letter from

Office of the Attorney General, dated May 18, 2026. As this was the

entirety of the relief Plaintiff was seeking, he accordingly moves under

28 U.S.C. § 2106 for this Court to vacate the district court's decision and

order granting judgment to defendants under *Munsingwear*, and

dismiss this appeal as moot.

4

## ARGUMENT

Now that Defendants have granted Plaintiff his requested relief, this case—including the Plaintiff's appeal of the district court's final judgment in favor of Defendants—is moot. *See, e.g., United States v. Mercy Health Servs.*, 107 F.3d 632, 636-37 (8th Cir. 1997) (agreement to terminate merger mooted appeal of decision upholding the merger).

Therefore, Plaintiff moves this Court to vacate the judgment below, pursuant to *Munsingwear,* wherein the Supreme Court held: "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267, to be 'the duty of the appellate court.'" *Munsingwear*, 340 U.S. at 39-40.

Thus, the court should vacate the judgment below under the *Munsingwear* doctrine. As the Supreme Court has explained, "*vacatur* must be granted [under *Munsingwear*] where mootness results from the unilateral action of the party who prevailed in the lower court." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994); *see*

*Old Bridge Owners Co-op. Corp. v. Twp. of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001) (party that, through no fault of its own, has "been deprived of a review on the merits of the district court's adverse rulings . . . ought not to be forced to acquiesce in them"); *see also Camreta v. Greene*, 563 U.S. 692, 698 (2011) (vacating mooted part of opinion below "[i]n line with our normal practice when mootness frustrates a party's right to appeal"); *Duffey v. Lehman*, 84 F.3d 668, 669-70 (3d Cir. 1996) (*en banc*) (vacating district court judgment under *Munsingwear* because the appeal was "factually moot"); *Bagby v. Beal*, 606 F.2d 411, 414 (3d Cir. 1979) ("follow[ing] the settled practice of vacating the district court judgment" when the appeal has become moot).  That is exactly what happened here—the Defendants' unilateral decision to grant Plaintiff relief, after Defendants prevailed in the district court, has rendered the case and appeal moot. This Court has previously granted a *Munsingwear* vacatur in this situation. In *Lane v. Rardin*, 2023 U.S. App. LEXIS 20406 (7th Cir. 2023), this Court held:

> Upon review of the parties' submissions, it appears plain that the controversy at issue in the appeal has become moot. The appellant sought relief in the form of a reassessment of his eligibility to earn good-time credit under the First Step Act, which he has now received. Nor is there any indication that the appellant

> could receive any further relief if he succeeded on appeal. *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982). Accordingly, IT IS ORDERED that the motion to dismiss this appeal is GRANTED. The appeal is DISMISSED as moot, and the case is REMANDED with instructions for the district court to vacate its judgment and dismiss the complaint. *See United States v. Munsingwear*, 340 U.S. 36, 71 S. Ct. 104, 95 L. Ed. 36 (1950).

*Id.* at pp. 1-2.

This case is in a similar posture. Plaintiff has had his rights restored by the Department of Justice, which is all the relief he was seeking. There is no further relief that Plaintiff can receive through a successful appeal. Therefore, Plaintiff's appeal should be dismissed as moot, and the lower court's opinion vacated under *Munsingwear*.

A *Munsingwear vacatur* is particularly appropriate in this case because the district court's decision could affect Second Amendment jurisprudence beyond the instant case due to its interpretation of 18 U.S.C. § 922(g)(1) and the Supreme Court's opinion in *Bruen*, especially since the issue is as-yet unsettled and Plaintiff no longer has any reason to continue the appeal opposing the lower court's opinion, which would improperly give the impression of the opinion as a purported persuasive

authority, while the real story is that Plaintiff's incentive and standing to challenge said opinion *via* appeal has been extinguished.

There have been few decisions interpreting 18 U.S.C. 922(g)(1) post-*Bruen*, and so this ruling—if not vacated—could have an outsized effect on cases involving other persons' Second Amendment rights. Plaintiff is certainly not complaining about receiving his requested relief, but since the Plaintiff no longer will have an opportunity to argue that the district court's interpretation of 18 U.S.C. 922(g)(1) in light of *Bruen* was mistaken, Plaintiff respectfully requests that the district court's decision and order granting judgment to defendants - with which he vehemently disagreed (*see, e.g.*, Plaintiff's Opening Brief) - should be vacated.

Counsel for Defendants communicated on May 20, 2026, that the Defendants do not oppose Plaintiff's *Munsingwear* request.

Accordingly, the Plaintiff-Appellant, PATRICK ATKINSON, respectfully requests that this Court (1.) vacate the district court's decision and order dismissing Plaintiff's Second Amended Complaint and granting judgment to defendants, or, in the alternative, remand

8

this matter to the district court with instructions to vacate its opinion and judgment and dismiss this matter as moot, and (2.) dismiss this appeal as moot.

Dated: May 29, 2026                          Respectfully submitted,

                                             /s/ David G. Sigale
                                             Attorney for Appellant

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547/630.596.4445 Fax
dsigale@sigalelaw.com

[ ✔ ]

# CERTIFICATE OF SERVICE
## Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on ____May 29, 2026____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/____David G. Sigale_____

[ ]

# CERTIFICATE OF SERVICE
## Certificate of Service When Not All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                          address:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

s/_____